1   David A. Foraker, OSB #812280
    Greene & Markley, P.C.
2   1515 SW Fifth Avenue, Suite 600
    Portland, OR 97201
3   Telephone: (503) 295-2668
    Facsimile:   (503) 224-8434
4   E-mail: david.foraker@greenemarkley.com

5        Attorneys for Debtor

6

7

8

9              UNITED STATES BANKRUPTCY COURT

10                  DISTRICT OF OREGON

11  In re                          )
                                   )  Case No. 11-62723
12  Olsen Agricultural Enterprises LLC,  )
    an Oregon limited liability company,  )  Chapter 11
13                                 )
                    Debtor.        )  DEBTOR'S MOTION FOR
14                                 )  AUTHORIZATION TO (1) PAY
                                   )  PREPETITION PRIORITY CLAIMS FOR
15                                 )  WAGES AND SALARIES AND
                                   )  RELATED PAYROLL TAXES, (2) PAY
16                                 )  PREPETITION PRIORITY EMPLOYEE
                                   )  BENEFIT PLAN CONTRIBUTIONS,
17                                 )  AND (3) CONTINUE EMPLOYEE
                                   )  BENEFITS POSTPETITION
18                                 )
                                   )  EXPEDITED HEARING REQUESTED
19                                 )

20        Olsen Agricultural Enterprises LLC (the "Debtor"), as debtor in possession, hereby

21  moves this Court for entry of an order authorizing it to pay prepetition priority claims for wages

22  and salaries and related payroll taxes, pay prepetition priority employee benefit plan

23  contributions, and continue employee benefits postpetition.  In support of this motion, the Debtor

24  represents:

25

26
DEBTOR'S MOTION FOR AUTHORIZATION TO (1) PAY PREPETITION PRIORITY CLAIMS
                 FOR WAGES AND SALARIES AND RELATED PAYROLL TAXES, (2) PAY PREPETITION
                 PRIORITY EMPLOYEE BENEFIT PLAN CONTRIBUTIONS, AND (3) CONTINUE EMPLOYEE
                 BENEFITS POSTPETITION
                                               \G:\Clients\7095\P Debtor Motion Claims Wages Salaries.wpd

<u>Background</u>

1.      On June 1, 2011 (the "Petition Date"), the Debtor filed herein a voluntary petition under Chapter 11 of the Bankruptcy Code.  The Debtor is continuing in the management and possession of its business and properties as debtor in possession under sections 1107 and 1108 of the Bankruptcy Code.  As of the date hereof, no trustee or examiner has been requested or appointed in this case, and the United States trustee has not appointed an official committee of creditors.

2.      The Debtor operates an agricultural enterprise on approximately 7,762 acres of owned and leased land located in Benton, Linn and Polk Counties.  Its business is  comprised principally of three divisions:  (a) Olsen Seed Company, which produces and sells a variety of grass seed and grains on approximately 5,934 acres; (b) Olsen Agriculture, which grows and sells peppermint, nursery stock, squash, hazelnuts and blueberries on approximately 1,334 acres; and (c) Olsen Family Vineyards, which grows a variety of grapes on approximately 494 acres and produces and sells quality wines under the "Viridian" label as well as private labels.  As of the date hereof, the Debtor has 45 employees, including management personnel.

3.      The Debtor is the surviving entity of a merger transaction that was consummated on June 1, 2011.  In the merger transaction, Olsen Agricultural Company, Inc., an Oregon corporation ("OAC"), Jenks-Olsen Land Co., an Oregon general partnership ("JOLC"), Olsen Vineyard Company, LLC, an Oregon limited liability company ("OVC"), and The Olsen Farms Family Limited Partnership ("OFFLP") were merged with and into the Debtor.  OAC, JOLC, OVC and OFFLP were co-borrowers under the term loan made by AXA Equitable Life Insurance Company, and OAC, JOLC and OVC were co-borrowers under the line of credit loans made by Rabo Agrifinance, Inc.  In connection with the merger transaction, other related parties that pledged real estate collateral to support the line of credit loans agreed to contribute such property to the Debtor in exchange for the right to receive ownership interests in the Debtor.

**GREENE & MARKLEY, P.C.**
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

4.      For the fiscal year ended December 31, 2010, OAC reported total revenues of $6,428,880 and a net loss of ($5,791,310).  At the time of the merger, on a consolidated basis, the books and records of OAC, JOLC and OVC reflected assets totaling approximately $29.8 million and liabilities totaling approximately $37.2 million.  The fair market value of the Debtor's assets is significantly greater than their book values, particularly in the case of fixed assets.  The fair market value of the Debtor's assets, on a going concern basis, is approximately $50 million.

5.      In the ordinary course of its business, the Debtor pays its employees bi-weekly, in arrears, on every other Friday.  The next regular payroll date is June 3, 2011, for services performed but unpaid through June 2, 2011.  The last regularly scheduled payroll date was May 20, 2011.  On May 27, 2011, in anticipation of the commencement of this case, the Debtor made a special payroll for the estimated amounts of salaries and wages that had accrued during the period May 21, 2011 through May 31, 2011.  In connection with that special payroll, the Debtor also paid all withholding and payroll taxes related to the salaries and wages that were paid.  As a result of that special payroll, the only amounts that remain owing and unpaid to employees for prepetition services -- absent error in the estimation procedure and assuming that all payroll checks and electronic funds transfers have cleared or been completed -- are those for accrued vacation, sick leave and other "paid time off."  Attached hereto as <u>Exhibit A</u> is a schedule that lists, for each employee, the employee's name, the total amount of earned but unused paid time off benefits, and the amount that the Debtor has determined is entitled to priority under section 507(a)(4) of the Bankruptcy Code.

6.      The Debtor has no employee benefit plan or program under which it is obligated to pay contributions for benefits other than its workers' compensation insurance policies.  The Debtor estimates that the total amount of accrued but unpaid prepetition obligations under its

DEBTOR'S MOTION FOR AUTHORIZATION TO (1) PAY PREPETITION PRIORITY CLAIMS FOR WAGES AND SALARIES AND RELATED PAYROLL TAXES, (2) PAY PREPETITION PRIORITY EMPLOYEE BENEFIT PLAN CONTRIBUTIONS, AND (3) CONTINUE EMPLOYEE BENEFITS POSTPETITION      \G:\Clients\7095\P Debtor Motion Claims Wages Salaries.wpd

**GREENE & MARKLEY, P.C.**
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

1    workers' compensation insurance policies does not exceed $5,000.  Those insurance obligations

2    will not become payable in the ordinary course of business until a later date.

3                                        Jurisdiction

4         7.    This Court has jurisdiction over this matter pursuant to 28 USC §§ 157 and 1334

5    and LR 2100.1.  Consideration of this motion constitutes a core proceeding within the meaning

6    of 28 USC § 157(b)(2)(A).  The statutory predicates for the relief sought by this motion are

7    sections 105, 363 and 1108 of the Bankruptcy Code.  Venue is proper under 28 USC § 1408.

8                                      Relief Requested

9         8.    By this motion, the Debtor seeks entry of an order (i) authorizing it to (A) pay, in

10   the ordinary course of business, all  prepetition claims for wages and salaries, including earned

11   but unused paid time off benefits, in each case, to the extent such claims are entitled to priority

12   under section 507(a)(4) of the Bankruptcy Code and in an amount not to exceed $11,725 per

13   employee, (B) pay any and all local, state and federal withholding and payroll taxes relating to

14   such employee claims (including but not limited to withholding taxes, social security taxes,

15   Medicare taxes and unemployment taxes), (C) make payments to third parties on behalf of

16   employees for alimony, garnishments, support payments, dependent care and other programs on

17   account of which the Debtor deducts sums of money from employees' paychecks, (D) make

18   payments for accrued but unpaid prepetition obligations under its workers' compensation

19   insurance policies, in each case, in an amount not to exceed, in the aggregate, the amount entitled

20   to priority under section 507(a)(5) of the Bankruptcy Code, and (E) continue existing employee

21   benefits postpetition, and (ii) directing all banks to receive, process, honor and pay all checks

22   and electronic funds transfers for payment of the prepetition claims and benefits described

23   above, whether such checks or funds transfer requests were or are issued or presented prior to or

24   after the Petition Date.  The Debtor further requests that the Court hold an expedited hearing on

25   this motion and find that the relief sought by this motion is necessary to avoid immediate and

26

**Page 4 of 6 -**    DEBTOR'S MOTION FOR AUTHORIZATION TO (1) PAY PREPETITION PRIORITY CLAIMS
FOR WAGES AND SALARIES AND RELATED PAYROLL TAXES, (2) PAY PREPETITION
PRIORITY EMPLOYEE BENEFIT PLAN CONTRIBUTIONS, AND (3) CONTINUE EMPLOYEE
BENEFITS POSTPETITION                     \G:\Clients\7095\P Debtor Motion Claims Wages Salaries.wpd

1    irreparable harm to the estate, that the order on this motion be entered as soon as is reasonably

2    practical, notwithstanding the 21-day period otherwise provided in Bankruptcy Rule 6003(b),

3    and that the order on this motion become effective immediately upon its entry, notwithstanding

4    the 14-day stay otherwise provided in Bankruptcy Rule 6004(h).

5                                    Points and Authorities

6           9.      The Debtor, in the good faith exercise of management's business judgment, has

7    determined that in order to protect the value of its business as a going concern, it must honor its

8    prepetition obligations to its employees in the ordinary course of business.  A failure to pay its

9    accrued wages, salaries, benefits and other related obligations, or even a delay in such payment,

10   may cause employees to suffer extreme personal hardship and, in many cases, make them unable

11   to meet their personal living expenses.  The likely consequence of an interruption in pay to

12   employees would be employee defections, unmanageable turnover, resentment, loss of goodwill

13   and disintegration of employee morale.

14          10.     Granting the requested relief will enable the Debtor to maintain its current

15   operations without interruption and, at the same time, maintain worker morale.  The Debtor's

16   employees are vital to its efforts to reorganize and they provide essential services without which

17   the Debtor would be unable to function.  Without the requested relief, the Debtor's ability to

18   reorganize could be significantly impaired.  For these reasons, it is in the best interest of the

19   estate that the relief requested in this motion be granted.

20          11.     Time is of the essence with respect to the Debtor's need for the relief requested in

21   this motion.  For the reasons indicated above, the requested relief is necessary to avoid

22   immediate and irreparable harm to the estate.  Accordingly, the Court should grant the requested

23   relief on an expedited basis pursuant to an order that will become effective immediately upon its

24   entry, notwithstanding the 21-day period otherwise provided in Bankruptcy Rule 6003(b) or the

25   14-day stay otherwise provided in Bankruptcy Rule 6004(h).

26
**Page 5 of 6 -**    DEBTOR'S MOTION FOR AUTHORIZATION TO (1) PAY PREPETITION PRIORITY CLAIMS
             FOR WAGES AND SALARIES AND RELATED PAYROLL TAXES, (2) PAY PREPETITION
             PRIORITY EMPLOYEE BENEFIT PLAN CONTRIBUTIONS, AND (3) CONTINUE EMPLOYEE
             BENEFITS POSTPETITION              \G:\Clients\7095\P Debtor Motion Claims Wages Salaries.wpd

1    12.    This Court has the statutory power under sections 105, 363 and 1108 of the

2    Bankruptcy Code to grant the relief requested by this motion.  Moreover, courts in this district

3    and elsewhere routinely approve motions seeking the kinds of relief sought by the Debtor by this

4    motion, at least in cases in which, as here, the debtor seeks to pay only those claims that are

5    entitled to priority status under section 507(a) of the Bankruptcy Code.

6                                              <u>Notice</u>

7    13.    Notice of this motion has been given to, among other parties, the United States

8    trustee and the creditors holding the 20 largest unsecured claims.  Further notice is impractical in

9    the circumstances.  The Debtor submits that the foregoing constitutes good and sufficient notice

10    and that no other or further notice need be given in the circumstances.

11        WHEREFORE, the Debtor requests entry of an order granting the relief requested herein

12    and such other and further relief as is appropriate.

13        Dated:  June 1, 2011.

14                                        Greene & Markley, P.C.

15

16                                        By _____/s/ David A. Foraker_____
                                             David A. Foraker, OSB #812280
17                                           Attorneys for Debtor

18

19

20

21

22

23

24

25

26
DEBTOR'S MOTION FOR AUTHORIZATION TO (1) PAY PREPETITION PRIORITY CLAIMS
            FOR WAGES AND SALARIES AND RELATED PAYROLL TAXES, (2) PAY PREPETITION
            PRIORITY EMPLOYEE BENEFIT PLAN CONTRIBUTIONS, AND (3) CONTINUE EMPLOYEE
            BENEFITS POSTPETITION                    \G:\Clients\7095\P Debtor Motion Claims Wages Salaries.wpd

**GREENE & MARKLEY, P.C.**
**1515 S.W. Fifth Avenue, Suite 600**
**Portland, OR 97201**
**Telephone: (503) 295-2668**
**Facsimile: (503) 224-8434**

### Exhibit A – Schedule of Prepetition Employee Claims

| Employee Name | Earned but Unused Paid Time Off Benefits | Amount Entitled to Priority |
|---|---|---|
| Abel L. Celis | $      601 | $      601 |
| Amado Rodriguez Perez | 549 | 549 |
| Antonio Andrade | 709 | 709 |
| Argeo V. Lopez | 416 | 416 |
| Benjamin C. Boyer | 1,730 | 923 |
| Carl T. Brandhorst | 1,549 | 896 |
| Carmelo Paramo Escalante | ----- | ----- |
| Carson T. Smith | 173 | 173 |
| Cecilia Reyes Bedolla | ----- | ----- |
| Christopher R. Luby | 433 | 288 |
| David W. Heath | 471 | 471 |
| Dennis L. Underwood | 1,662 | 692 |
| Donald F. Austin, Jr. | 420 | 420 |
| Dorothy J. Shertzer | 207 | 207 |
| Edgardo Paramo | ----- | ----- |
| Erik M. Diaz | 153 | 153 |
| Getulio Rangel Sosa | 31 | 31 |
| Gilberto Aguirre | ----- | ----- |
| H. Dean Underwood | 2,769 | 1,154 |
| Ingnacio C. Gallegos | 256 | 256 |
| Jacobo Silva Guzman | 1,033 | 620 |
| Jaime A. Becerra | ----- | ----- |
| James E. Olsen | ----- | ----- |
| Jeffrey L. Swanson | 2,334 | 1,346 |
| Jesus N. Alvarez | 310 | 310 |
| Joel M. Servin | 373 | 373 |
| Jose L. Medina Hernandez | 788 | 704 |
| Jose M. Aguirre Del Pilar | 413 | 413 |
| Juan J. Medina Hernandez | 505 | 505 |
| Julio Morales Fierro | ---- | ---- |
| Lino Medina Hernandez | 1,157 | 784 |
| Mark L. Merriman | 2,192 | 1,731 |
| Noe Paramo | ----- | ----- |
| Oscar N. Alvarez | 320 | 320 |
| Philip L. Hanson | 3,173 | 1,731 |
| Raul Aguirre Del Pilar | 1,653 | 992 |
| Raymond A. Ammon | ----- | ----- |
| Rigoberto Valdez | 373 | 373 |

| | | | |
|---|---|---|---|
| Robin G. Olsen | ----- | | ----- |
| Ryan J. Clark | 6,231 | | 2,396 |
| Steven L. Robinson | ----- | | ----- |
| Taniesha D. Silva | 611 | | 560 |
| Terry E. Gorrell | 1,436 | | 1,346 |
| Valente E. Guzman | 261 | | 261 |
| Willard T. Ross | <u>1,728</u> | | <u>1,134</u> |
| Total: | $ <u>37,238</u> | $ | <u>23,943</u> |

1    <u>CERTIFICATE OF SERVICE</u>

2          I hereby certify that the foregoing DEBTOR'S MOTION FOR AUTHORIZATION TO
3    (1) PAY PREPETITION PRIORITY CLAIMS FOR WAGES AND SALARIES AND
     RELATED PAYROLL TAXES, (2) PAY PREPETITION PRIORITY EMPLOYEE BENEFIT
4    PLAN CONTRIBUTIONS, AND (3) CONTINUE EMPLOYEE BENEFITS POSTPETITION,
     was served by electronic notice through the bankruptcy court's ECF system on the U.S. Trustee
5    (Eugene):

6    USTPRegion18.eg.ecf@usdoj.gov

7    and on all parties listed on the attached List of Interested Parties by the methods indicated.
8    Unless another method of service is indicated, service was made by placing a copy thereof in a
     sealed, first-class, postage prepaid envelope, addressed to each party's last known address and
9    depositing the same into the United States mail at Portland, Oregon on the date set forth below.

10          Dated: June 1, 2011.

11

12                                        /s/ David A Foraker
                                          David A. Foraker, OSB #812280
13                                        Attorney for Debtor

14   \7095\P COS Mtn to Pay Prepetition Wages & Payroll Taxes.wpd

15

16

17

18

19

20

21

22

23

24

25

26

Page 1 of 1 - CERTIFICATE OF SERVICE

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

<u>List of Interested Parties</u>

(Olsen Agricultural Enterprises LLC)

<u>Secured Creditors (Special List):</u>

Rabo Agrifinance, Inc.                                              (Via First Class Mail)
c/o CT Corporation System
Registered Agent
388 State St., Ste. 420
Salem, OR 97301-3581

Tom Schofield                    (Via First Class Mail and E-mail: tom.schofield@raboag.com)
Special Asset Manager
Rabo Agrifinance, Inc.
POB 668
6919 Chancellor Dr.
Cedar Falls, IA 50613

Dean Gisvold, Esq.            (Via First Class Mail and E-mail: deang@mcewengisvold.com)
Barry Groce, Esq.            (Via First Class Mail and E-mail: barryg@mcewengisvold.com)
McEwen Gisvold LLP
1100 SW 6th Ave., Ste. 1600
Portland, OR 97204
       Attorneys for Rabo Agrifinance, Inc.

BFS International, LLC                                              (Via First Class Mail)
c/o David E. Grein, Esq.
Registered Agent
1030 SW Morrison St.
Portland, OR 97205

Tim Miller                        (Via First Class Mail and E-mail: tim@beaverfreight.com)
BFS International, LLC
3835 NE Hancock St. Ste. 203
Portland, OR 97212

David E. Grein, Esq.                 (Via First Class Mail and E-mail: dgrein@pfglaw.com)
Parsons Farnell & Grein
1030 SW Morrison St.
Portland, OR 97205
       Attorneys for BFS International, LLC

Internal Revenue Service                                               (Via First Class Mail)
PO Box 7346
Philadelphia, PA 19101-7346

The Attorney General of the United States                             (Via First Class Mail)
Department of Justice
10th & Constitution NW
Washington, DC 20530

US Attorney for the District of Oregon                                (Via First Class Mail)
1000 SW 3rd Ave., #600
Portland, OR 97204

Susan Anderson, Specialist              (Via First Class Mail and Facsimile (541) 302-0971)
Internal Revenue Service
211 E. 7th Ave., Ste. 301
Eugene, OR 97401

Ledeboer Seed, LLC                                                    (Via First Class Mail)
c/o Hannelore Ledeboer
Registered Agent
22068 Case Rd NE
Aurora, OR 97002-9727

Hagen Ledeboer              (Via First Class Mail and E-mail: hagen.ledeboer@ledeboerseed.com)
Ledeboer Seed, LLC
22068 Case Rd NE
Aurora, OR 97002-9727

Hunter B. Emerick, Esq.              (Via First Class Mail and E-mail: hemerick@sglaw.com)
Saalfeld Griggs PC
PO Box 470
Salem, OR 97308
        Attorneys for Ledeboer Seed, LLC

Callisons, Inc. (dba I.P. Callisons and Sons)                         (Via First Class Mail)
c/o CT Corporation System
Registered Agent
388 State St., Ste. 420
Salem, OR 97301-3581

**Page 2 of 5**    List of Interested Parties (Master Service List)

Richard Robinson                                                    (Via First Class Mail)
I.P. Callisons and Sons
2400 Callison Rd NE
Lacey, WA 98516

Charles C. Robinson, Esq.            (Via First Class Mail and E-mail: crobinson@gsblaw.com)
Garvey Schubert Barer
1191 Second Ave., 18th Floor
Seattle, WA 98101-2939
        Attorneys for I.P. Callisons and Sons

20 Largest Unsecured Creditors (Via First Class Mail):

Kim Bible
Oregon Vineyard Supply Co.
2700 St. Joseph Rd.
McMinnville, OR 97128

Susan Anderson
Internal Revenue Service
211 E 7th Ave., Ste. 301
Eugene, OR 97204

Howard Pope
ORCO, Inc.
12680 SW Pacific Hwy
Monmouth, OR 97361

David Stork
Jeld-Wen Tradition Foundation
3250 Lakeport Blvd
Klamath Falls, OR 97601

Julie Springer
Davis Wright Tremaine
1300 SW 5th Ave., Ste. 2300
Portland, OR 97201

Justin Fisher
Peter Jacobsen's Legends of Oregon
2727 Leo Harris Pkwy
Eugene, OR 97401

**Page 3 of 5**    List of Interested Parties (Master Service List)

Linda Collins
HSR Architecture LLC
838 NW Bond St., Ste. 2
Bend, OR 97701

Eric Rogers
Eola Hills Wine Cellars
501 S Pacific Hwy
Rickreall, OR 97371

Dennis Combs
Dennis Combs AG Consultants, Inc.
POB 1051
Lake Oswego, OR 97034

Travis Hill
Silver Dome Farms
7091 Springhill Dr.
Albany, OR 97321

John Coleman
255 SW Madison Ave.
Corvallis, OR 97333

Dean Underwood
Underwood Farms
8756 Springhill Dr.
Albany, OR 97321

Employment Department
c/o Carolyn G. Wade, Esq.
Department of Justice
1162 Court St. NE
Salem, OR  97301

Jeffrey O'Banion
NW Natural Gas
222 NW 2nd
Portland, OR 97208

ODR Bkcy
c/o Carolyn G. Wade, Esq.
Department of Justice

**Page 4 of 5**    List of Interested Parties (Master Service List)

1162 Court St. NE
Salem, OR 97301

Collotype Labels
c/o Greg Pfister, Esq
720 SW Washington St., Ste. 750
Portland, OR 97205

Jane Anderson
Credit Collections Services Inc
POB 755
Yankton, SD 57078

Tony Blair
Brenner & Company
POB 907
Salem, OR 97308

Ben C. Fetherston, Jr.
Fetherston Edmonds LLP
POB 2206
Salem, OR 97308

Tom Bracken
Sunridge Nurseries, Inc.
441 Vineland Rd
Bakersfield, CA 93307

Other Parties:

Cliff E. Spencer, Esq.                (Via First Class Mail and E-mail: spencerc@lanepowell.com)
Lane Powell P.C.
501 SW 2nd Ave., Ste. 2100
Portland, OR 97204
        Attorneys for Oregon Vineyard Supply Co.

\7095\O List of Interested Parties (Master Service List).wpd

**Page 5 of 5**    List of Interested Parties (Master Service List)