David A. Foraker, OSB #812280
Greene & Markley, P.C.
1515 SW Fifth Avenue, Suite 600
Portland, OR  97201
Telephone:  (503) 295-2668
Facsimile:    (503) 224-8434
E-mail: david.foraker@greenemarkley.com

      Attorneys for Debtor

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| | |
|---|---|
| In re | ) |
| | ) Case No. 11-62723-fra11 |
| Olsen Agricultural Enterprises LLC, | ) |
| an Oregon limited liability company, | ) Chapter 11 |
| | ) |
| Debtor. | ) DEBTOR'S MOTION TO AMEND |
| | ) INTERIM ORDER (I) AUTHORIZING |
| | ) DEBTOR TO OBTAIN POSTPETITION |
| | ) SECURED FINANCING, (II) |
| | ) GRANTING ADEQUATE PROTECTION |
| | ) TO PREPETITION SECURED PARTIES |
| | ) AND (III) SCHEDULING A FINAL |
| | ) HEARING |
| | ) |
| | ) EXPEDITED HEARING REQUESTED |
| | ) |

      Olsen Agricultural Enterprises LLC (the "Debtor"), as debtor in possession, hereby

moves this Court for an order amending the Interim Order (I) Authorizing Debtor to Obtain

Postpetition Secured Financing, (II) Granting Adequate Protection to Prepetition Secured Parties

and (III) Scheduling a Final Hearing entered herein on June 16, 2011, as Document # 79 (the Interim Financing Order") as requested herein.

## Jurisdiction

1.    This Court has jurisdiction over this matter pursuant to 28 USC §§ 157 and 1334 and LR 2100.1.  Consideration of this motion constitutes a core proceeding within the meaning of 28 USC § 157(b)(2)(D).  The predicates for the relief sought by this motion are Rules 7052 and 9023 of the Federal Rules of Bankruptcy Procedure.

## Relief Requested

2.    By this motion, the Debtor requests that the Court amend the Interim Financing Order as follows:

(a) to make the findings recited in paragraph G. thereof, as lodged with the Court prior to its entry, which were stricken on page 8;

(b) to amend paragraph 13 thereof by reinserting the sentence that was stricken on page 20 and which reads "The DIP Lender shall not be subject in any way whatsoever to the equitable doctrine of 'marshaling' or any similar doctrine with respect to the Collateral";

(c) to amend paragraph 14 thereof by reinserting subsection (b) that was stricken on page 21;

(d) to amend paragraph 27 thereof by reinserting subsection (a) that was stricken on page 31 and which reads "request authorization to obtain postpetition loans or other financial accommodations pursuant to Bankruptcy Code section 364(e) or (d), or otherwise, other than from DIP Lender"; and

(e) in light of the deletion by the Court of the phrase "any transaction, occurrence, omission, or action, including, without limitation" in paragraph 27 on page 31 thereof, to amend subsection (ii) by adding the term "DIP Obligations" so that it will read "any action seeking to invalidate, set aside, avoid or subordinate, in whole or in part, the **DIP Obligations and/or** DIP Liens" and to amend subsection (iii) by adding the term "DIP Obligations" so that it will read "any action that has the effect of preventing, hindering or delaying (whether directly or indirectly) the DIP Lender's assertion, enforcement or realization on the Collateral and **DIP Obligations** in accordance with the DIP Loan Documents or this Interim Order."

Points and Authorities

3. Under Bankruptcy Rule 7052, a court may make amended or additional findings on a party's motion filed no later than 14 days after entry of an order. Under Bankruptcy Rule 9023, a court may, on motion made no later than 14 days after entry of an order, alter or amend the order, as appropriate.

4. Here, the Court should amend the Interim Financing Order to make the findings recited in paragraph G. thereof which were stricken because (i) the requested findings are supported by sufficient and uncontroverted evidence in the record, (ii) without these findings and the resulting protections afforded under section 364(e) of the Bankruptcy Code, the DIP Lender[1] is unwilling to make advances to the Debtor under the DIP Loan, and (iii) without the needed financing, the estate will suffer immediate and irreparable harm. The requested findings are supported by Clyde A. Hamstreet's testimony, which included, among other things, a description

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Interim Financing Order.

Page 3 of 5 -   DEBTOR'S MOTION TO AMEND INTERIM ORDER (I) AUTHORIZING DEBTOR TO OBTAIN POSTPETITION SECURED FINANCING, (II) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES AND (III) SCHEDULING A FINAL HEARING

\7095\P Debtor Motion Amend Interim Order.doc

of the Debtor's negotiations with the DIP Lender that culminated in the execution of the Term Sheet (a copy of which is attached to the Motion) as well as a discussion of the factors considered by the Debtor in agreeing to the terms of the DIP Loan as a reasonable exercise of prudent business judgment consistent with its fiduciary duties to creditors and equity owners.

5. The Court should also amend paragraphs 13, 14 and 27 of the Interim Financing Order in the manner requested above and for the reasons further explained in the separate Statement filed by the DIP Lender. *First*, each of the provisions at issue was negotiated by the Debtor and the DIP Lender and reflect a sound exercise of the Debtor's reasonable business judgment as to which Mr. Hamstreet testified at the hearing. *Second*, each of the provisions was fully disclosed to all parties in interest prior to the hearing in that such provisions were contained in the form of interim order annexed to the Motion. As such, all parties in interest had a full and fair opportunity to object to the inclusion of such provisions at the time of the hearing on the Motion. No such objections were raised at the hearing by the Committee, Rabo Agrifinance, Inc. ("Rabo"), the U.S. Trustee or any other party in interest. *Third*, following the hearing and the Court's directives stated on the record at the hearing, the aforementioned parties, the Debtor and the DIP Lender worked in good faith to revise and modify the form of interim order, exchanging multiple revised drafts of the interim order as well as convening an "all-hands" conference call on June 14 to resolve any remaining issues. Concessions were made on all sides.[2] The product of these negotiations was the form of interim order lodged with the Court on June 15.

---

[2] The only qualification to this statement is that the Debtor rejected as unnecessary Callisons' request that the order or the Approved Budget expressly provide that the budgeted expenses for fertilizing the Debtor's mint crops be dedicated for the payment of those expenses.

6. The stricken provisions are an integral component of the overall transaction and the DIP Lender's legal, business and practical reasons for wanting them are articulated in DIP Lender's Statement. The business terms extended to the Debtor by the DIP Lender in the Term Sheet were calibrated with the expectation of the DIP Lender's receipt of various protections in the orders approving the postpetition financing.

<u>Notice</u>

7. Notice of this Motion has been given to, among other parties, (i) the United States trustee, and (ii) the Existing Secured Creditors, through their attorneys, in each case by means of the ECF System. The Debtor submits that the foregoing constitutes good and sufficient notice and that no other or further notice need be given in the circumstances.

WHEREFORE, the Debtor requests entry of an order granting the relief requested herein and such other and further relief as is appropriate.

Dated: June 17, 2011.

        Greene & Markley, P.C.

        By  /s/ David A. Foraker .
          David A. Foraker, OSB #812280
          Attorneys for Debtor

<u>Certificate of Service</u>

I hereby certify that the foregoing Debtor's Motion to Amend Interim Order (I) Authorizing Debtor to Obtain Postpetition Secured Financing, (II) Granting Adequate Protection to Prepetition Secured Parties and (III) Scheduling a Final Hearing was served on all parties requesting notice through the ECF System by electronic notice.

Dated: June 17, 2011.

                    Greene & Markley, P.C.

                    By /s/ David A. Foraker
                       David A. Foraker, OSB #812280
                       Attorneys for Debtor

Page 1 of 1 -    CERTIFICATE OF SERVICE    \6522\COS delete Amended Interim Order.wpd

**GREENE & MARKLEY, P.C.**
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434