1  **Albert N. Kennedy**, OSB No. 821429 (Lead Attorney)
     Direct Dial:  (503) 802-2013
2     Facsimile:    (503) 972-3713
      E-Mail:       al.kennedy@tonkon.com
3  **TONKON TORP** LLP
   1600 Pioneer Tower
4  888 S.W. Fifth Avenue
   Portland, OR  97204
5

6  **Michael H. Goldstein**
   **Adam M. Starr**
7  Greenberg Traurig, LLP
   2450 Colorado Avenue, Ste. 400E
8  Santa Monica, CA 90404
   Telephone:  (310) 586-7700
9  Facsimile:    (310) 586-7800
   E-mail: starra@gtlaw.com

10        Attorneys for Bacchus Capital, LP

11

12              UNITED STATES BANKRUPTCY COURT

13                    DISTRICT OF OREGON

14  | In re | Case No. 11-62723-fra11 |
15  Olsen Agricultural Enterprises LLC, an
    Oregon limited liability company,          **STATEMENT OF BACCHUS
                                               CAPITAL, LP WITH RESPECT TO
16                                             INTERIM ORDER
                 Debtor.                       (I) AUTHORIZING DEBTOR TO
17                                             OBTAIN POSTPETITION
                                               SECURED FINANCING,
18                                             (II) GRANTING ADEQUATE
                                               PROTECTION TO PREPETITION
19                                             SECURED PARTIES AND
                                               (III) SCHEDULING A FINAL
20                                             HEARING**

21

22            Bacchus Capital, LP, ("Bacchus"), the proposed postpetition lender to Debtor,

23  provides this Statement to accompany Debtor's motion for an order amending (the "Motion

24  to Amend") the Interim Order (I) Authorizing Debtor to Obtain Postpetition Secured

25  Financing, (II) Granting Adequate Protection to Prepetition Secured Parties and

26  (III) Scheduling a Final Hearing entered herein on June 16, 2011 (the "Interim Financing

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1    Order") [Dkt. #79] and to elucidate the legal, business and practical reasons that support the

2    amendments to the Interim Financing Order requested by Debtor and Bacchus.[1]

3    **A.    RECITAL G:  GOOD FAITH AND THE PROTECTIONS OF**

4    **SECTION 364(E)**

5            1.      Leading up to Debtor's bankruptcy filing on June 1, 2011, Bacchus,

6    Debtor and their respective attorneys and advisors engaged in extensive negotiations

7    concerning the provision by Bacchus of debtor-in-possession financing to Debtor.  The

8    negotiations culminated in the Preliminary Indicative Term Sheet executed by the parties on

9    May 27, 2011 (the "Term Sheet").  Debtor's motion for interim and final debtor in

10   possession financing (the "DIP Motion") [Dkt #34] stated that the negotiations between the

11   parties were at arm's length and in good faith.  *See*, DIP Motion ¶ 10.  This statement in the

12   DIP Motion was buttressed by the testimony of Clyde A. Hamstreet at the hearing before the

13   Court on Monday, June 13 (the "Interim Hearing").  Mr. Hamstreet testified that the Term

14   Sheet was negotiated by all parties at arm's length and in good faith.  Mr. Hamstreet also

15   testified that there were no feasible alternatives to the postpetition financing offered by

16   Bacchus and that Mr. Hamstreet believed Debtor's entry into the Term Sheet and the

17   proposed financing to be a sound exercise of its reasonable business judgment.  No party at

18   the Interim Hearing, including Debtor's prepetition lender Rabo Agrifinance, Inc., cross-

19   examined Mr. Hamstreet with respect to such testimony.

20           2.      The findings contained in Recital G, which were stricken by the Court

21   in the Interim Financing Order, simply memorialize the statements by Debtor in the DIP

22   Motion and the direct testimony provided by Mr. Hamstreet at the Interim Hearing.  The

23   good faith finding is integral to the protections afforded a debtor-in-possession lender as it is

24   the foundation for the protections embodied in subsection (e).  Absent the protection of

25
26   [1] Except as noted herein, Bacchus fully understands and does not seek to disturb any of the
     Court's other interlineations to the Interim Financing Order.

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1    section 364(e), if the Court's authorization for Debtor to obtain postpetition financing were

2    reversed or modified on appeal (and no stay pending appeal), Bacchus would be vulnerable

3    to the subsequent elimination of its lien and/or priority with respect to any interim advance it

4    made to Debtor.[2]  This is not a risk that Bacchus is willing to bear.

5          **B.**     **OTHER REQUESTED AMENDMENTS TO THE INTERIM**

6                   **FINANCING ORDER**

7              1.      The economic terms of the postpetition loan facility contemplated by

8    the Term Sheet were predicated upon certain negotiated protections that Bacchus would

9    receive under the interim and final orders approving such postpetition financing.  It was for

10    this reason that the Term Sheet required the form of the interim and final order to be

11    "reasonably satisfactory" to Bacchus.  If such protections are not available to Bacchus, the

12    economic terms upon which Bacchus is prepared to provide the DIP Loan to Debtor may

13    need to be adjusted to account for increased risk.  Certain of these risks are highlighted

14    below.  As Bacchus views this as an integrated transaction, it is not prepared to fund on the

15    terms contained in the Interim Financing Order and has so advised Debtor.

16             **i.**     **Paragraph 13:  Protection Against Marshaling**

17              2.      The Motion to Amend requests that the Court amend paragraph 13 of

18    the Interim Financing Order by adding the sentence that was stricken on page 20 and which

19    reads "The DIP Lender shall not be subject in any way whatsoever to the equitable doctrine

20    of 'marshaling' or any similar doctrine with respect to the Collateral."  In Oregon, it has been

21    defined as a "basic principle of equity that where a senior creditor has recourse to two funds

22    and a junior creditor has recourse to but one of them, the senior creditor must seek to satisfy

23

24    _____

    [2] "§ 364(e) prohibits not only outright invalidation of a lien or priority where the challenging
party has failed to seek a stay, but also modification of the terms of a post-petition lender's

25    bargained-for collateral."  *Bouillioun Aircraft Holding Co., Inc. v. Smith Management (In re
Western Pacific Airlines, Inc.)*, 181 F.3d 1191, 1195 (10th Cir. 1999); *Burchinal v. Central*

26    *Wash. Bank (In re Adams Apple, Inc.)*, 829 F.2d 1484 (9th Cir. 1987) (same).

**Page 3 of 6** -    STATEMENT OF BACCHUS CAPITAL, LP WITH RESPECT TO INTERIM ORDER
                (I) AUTHORIZING DEBTOR TO OBTAIN POSTPETITION SECURED FINANCING, (II) GRANTING
                ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES AND (III) SCHEDULING A
                FINAL HEARING

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

itself first out of the fund in which the junior creditor has no interest." *Community Bank v.*
*Jones*, 278 Or. 647, 678, 566 P.2d 470, 488 (1977).  When successfully invoked, marshalling
dictates the order in which a creditor may proceed with respect to its bargained-for collateral.
Here, the successful invocation of the marshalling doctrine following an Event of Default by
Debtor under the DIP Loan and the grant of relief from stay by the Court after notice and
hearing, might cause Bacchus to bear substantial delay and legal costs in enforcing its rights
with respect to its collateral.  Among other things, Bacchus might be forced to recover first
from illiquid and unencumbered (or less encumbered) collateral before it could proceed
against other more easily liquidated collateral.  Given these concerns, it is not uncommon in
the context of debtor-in-possession financing for a bankruptcy court to relieve a DIP lender
from the specter of marshalling in an order authorizing postpetition financing.  *See, e.g., In re*
*Associated of Los Angeles*, 2010 WL 4739503 at *7 (Bankr. C.D. Cal. 2010).  It is for these
reasons that Bacchus has requested that it not be subject to the doctrine of marshalling.

ii.    **Paragraph 14:  The Ability to File Mortgages, Financing Statements and Other Instruments**

3.    The Motion to Amend further requests that the language contained in
paragraph 14(b) be reinserted into the Interim Financing Order.  Paragraph 14(b) simply
allows Bacchus (and the Existing Secured Creditors) to file mortgages, financing statements,
and notices of lien with respect to the perfection of its liens.  Paragraph 14(a) provides that
the DIP Liens and the Adequate Protection Liens "shall be perfected by operation of law
immediately upon entry of this Interim Order," and that Bacchus and the Existing Secured
Creditors shall not be *required* to file the typical instruments to perfect such liens.
Notwithstanding such provisions in DIP orders and cash collateral orders, secured creditors
often request bankruptcy court authorization to file the typical instruments of perfection.  The
purpose of such relief is straightforward.  It allows a creditor to record the typical instruments
of perfection that are typically reviewed, understood and relied upon by parties other than the

STATEMENT OF BACCHUS CAPITAL, LP WITH RESPECT TO INTERIM ORDER
(I) AUTHORIZING DEBTOR TO OBTAIN POSTPETITION SECURED FINANCING, (II) GRANTING
ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES AND (III) SCHEDULING A
FINAL HEARING

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1    bankruptcy court, such as title companies, recording offices and non-bankruptcy courts.

2    Often, this is a more practical protection to a postpetition lender who, unlike a debtor's

3    prepetition secured creditors, has no existing instruments of perfection recorded or on file.

4    As this provision is entirely permissive, and does not place a burden on Debtor, it is not

5    prejudicial to Debtor's estate.  In contrast, the absence of this provision is prejudicial to

6    Bacchus.

7                        iii.    **Paragraph 27:  Use of the Carve-Out, Collateral and DIP Proceeds
8                                to Obtain Postpetition Financing from Another Party**

9                        4.    The Motion to Amend requests that the Court amend paragraph 27 of

10   the Interim Financing Order to reinsert subsection (a) which was stricken on page 31 and

11   reads "request authorization to obtain postpetition loans or other financial accommodations

12   pursuant to Bankruptcy Code section 364(e) or (d), or otherwise, other than from DIP

13   Lender."  Based upon its interest in Debtor's business, Bacchus has devoted significant time

14   and energy to negotiating and seeking approval of a postpetition loan that provides Bacchus

15   with a meaningful lending transaction and allows Debtor to continue to operate during its

16   Chapter 11 case and to swiftly promulgate a plan of reorganization that will either by

17   acceptable to Bacchus or remove Bacchus from the equation by satisfying the DIP

18   Obligations in full upon the effective date of such plan.  In light this strategic objective,

19   Bacchus seeks to prevent the proceeds of its loan and collateral from being used by Debtor in

20   the mere effort to locate new DIP financing and deprive Bacchus of its bargained-for benefit.

21   While Bacchus well understands that its seat at the table ultimately may be displaced, it

22   should not be compelled to finance such efforts, particularly if they are unsuccessful.  Of

23   course, if such efforts are successful, then the product of those efforts—the replacement

24   loan—can fund the costs of such efforts.  Accordingly, the estate is not prejudiced by the

25   language Bacchus requests.

26

STATEMENT OF BACCHUS CAPITAL, LP WITH RESPECT TO INTERIM ORDER
(I) AUTHORIZING DEBTOR TO OBTAIN POSTPETITION SECURED FINANCING, (II) GRANTING
ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES AND (III) SCHEDULING A
FINAL HEARING

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1    5.    Additionally, in light of the deletion by the Court of the phrase "any

2    transaction, occurrence, omission, or action, including, without limitation" in paragraph 27

3    on page 31 of the Order, the Motion to Amend seeks amendment of subsection (II) to add the

4    term "DIP Obligations" and thereby read "any action seeking to invalidate, set aside, avoid or

5    subordinate, in whole or in part, the **DIP Obligations and/or** DIP Liens" and to amend

6    subsection (III) to add the term "DIP Obligations" and thereby read "any action that has the

7    effect of preventing, hindering or delaying (whether directly or indirectly) the DIP Lender's

8    assertion, enforcement or realization on the Collateral and **DIP Obligations** in accordance

9    with the DIP Loan Documents or this Interim Order.  This requested change is in the nature

10    of a clarification that ensures that Bacchus is protected with respect to the enumerated actions

11    both with respect to the DIP Liens and the DIP Obligations.  To effectuate this objective and

12    to maintain consistency, Bacchus simply requests that the term "DIP Obligations" be added

13    to subsections (II) and (iii).

14    WHEREFORE, Bacchus requests entry of an order granting the relief

15    requested in the Motion to Amend and such other and further relief as is appropriate.

16    DATED: June 17, 2011.

17    TONKON TORP LLP

18    By /s/ Albert N. Kennedy
19    Albert N. Kennedy, OSB No. 821429
    Attorneys for Debtor

**Page 6 of 6** - STATEMENT OF BACCHUS CAPITAL, LP WITH RESPECT TO INTERIM ORDER (I) AUTHORIZING DEBTOR TO OBTAIN POSTPETITION SECURED FINANCING, (II) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES AND (III) SCHEDULING A FINAL HEARING

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **STATEMENT OF BACCHUS CAPITAL, LP WITH RESPECT TO INTERIM ORDER (I) AUTHORIZING DEBTOR TO OBTAIN POSTPETITION SECURED FINANCING, (II) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES AND (III) SCHEDULING A FINAL HEARING** on the parties indicated as "ECF" on the attached List of Interested Parties by electronic means through the Court's Case Management/Electronic Case File system on the date set forth below.

DATED this 17th day of June, 2011.

TONKON TORP LLP

By *ered* /s/ Albert N. Kennedy
   Albert N. Kennedy, OSB No. 821429
   Attorneys for Debtor

**Page 1 of 1** -   CERTIFICATE OF SERVICE

## LIST OF INTERESTED PARTIES

### *In re Olsen Agricultural Enterprises LLC*
**U.S. Bankruptcy Court Case No.** 11-62723-fra11

### ECF PARTICIPANTS:

- KELLEY A BLAINE     porirs.bk.email@irscounsel.treas.gov, kelley.a.blaine@irscounsel.treas.gov
- GREGORY J CHRISTENSEN     gjcesquire@proaxis.com, lbright@proaxis.com
- SARA C COTTON     scotton@schwabe.com, dkinonen@schwabe.com;docket@schwabe.com
- BEN C FETHERSTON     bfetherston@fetherstonedmonds.com
- DAVID A FORAKER     david.foraker@greenemarkley.com, joyce.chartrand@greenemarkley.com
- MARY JO HESTON     hestonm@lanepowell.com, campbelld@lanepowell.com;docketing-sea@lanepowell.com
- ADAM R KELLY     akelly@gsblaw.com, lberg@gsblaw.com;malford@gsblaw.com
- ALBERT N KENNEDY     al.kennedy@tonkon.com, leslie.hurd@tonkon.com;andy.haro@tonkon.com
- ANDREW R NAYLOR     anaylor@sglaw.com, epaetsch@sglaw.com
- ROBERT S RUSSELL     russell@gleaveslaw.com, kirsten@gleaveslaw.com
- TARA J SCHLEICHER     tschleicher@fwwlaw.com, dfallon@fwwlaw.com;ldemeter@fwwlaw.com
- JAMES RAY STREINZ     rays@mcewengisvold.com, kristab@mcewengisvold.com;docketing@mcewengisvold.com
- US Trustee, Eugene     USTPRegion18.EG.ECF@usdoj.gov
- ERIC YANDELL     eyandell@heltzel.com, dpangelinan@heltzel.com

035904/00001/2940691v1