CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF OREGON
MAY 17 2012
LODGED____REC'D____
PAID____DOCKETED____

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

IN RE ) Bankruptcy Case
) No. 11-62723-fra11
OLSEN AGRICULTURAL ENTERPRISES, LLC, )
) MEMORANDUM OPINION
Debtor. )

## I. BACKGROUND

The Debtor-in-Possession is the surviving entity of a merger of five companies maintaining farm operations in the mid-Willamette Valley. The real property of the Debtor-in-Possession, consisting of multiple parcels throughout the area, are subject to two large loans: (1) a fixed term loan originally made by AXA, and now held by Rabo Agrifinace, Inc. ("Rabo"); and (2) a line of credit consisting of pre and post petition loans from Rabo. The payment of the term loan is subject to personal guarantees from Carolyn, Roger and James Olsen. Roger, James and Robin Olsen are co-borrowers under the line of credit.

As of the date of the Debtor-in-Possession's petition for relief, the debt owed to Rabo was $14.7 million on the term loan, and $15.6 million on the line of credit. As noted, both loans are secured by real property owned by the Debtor-in-Possession.

After extensive negotiations, the Debtor-in-Possession and Rabo have agreed to a plan of reorganization which involves the pre-confirmation sale, subject to Rabo's credit bid, of eight separate parcels. (See Docket #385-391). The proposed sale, pursuant to Code § 363, would be free and clear of liens

// // //

Page 1 - MEMORANDUM OPINION

and encumbrances. One of the parcels, known as Sweetbriar Farm, is subject to a life estate in favor of Carolyn Olsen, which interest would not be disturbed by the sale.

The settlement between the Debtor-in-Possession and Rabo, set out in Exhibit 2, explicitly provides that the proceeds of the sales of the property will be allocated toward the line of credit obligation. Likewise, in the event of a credit bid, the amount bid will be credited against the line of credit loans only.

## II. OBJECTION

Carolyn Olsen filed a "limited objection" to the sale (Docket #415). Carolyn states that she "does not object to the sale of the Debtor's interest in any of the seven properties or to the proposed sale procedure. [She] does object to the manner in which the Debtor and Rabo propose to apply the sale proceeds." It is Carolyn's position that she is prejudiced by the fact that the proceeds (or credit) from the proposed sale will be allocated solely to the line of credit loans, instead of the term loans on which she is a guarantor.

Under Oregon law, a party making payment on an obligation may direct how the payment is to be allocated amongst several accounts. Absent such direction, the creditor may so elect. See Fatland v. Wentworth & Irwin, 149 Or. 277, 280-81, 40 P.2d 68 (1935), and In re Marriage of Gayer, 326 Or. 436, 441, 952 P.2d 1030 (1998). It goes without saying that debtor and creditor, acting in concert, may determine where a payment is to be allocated amongst several accounts or obligations owed by one to the other.

A guarantor has no right to direct payments by his or her principal to debts subject to the guaranty, as opposed to other debts owed by the principal. H.S. Gile Grocery Co. v. Lachmund, 75 Or. 122, 146 P. 519 (1915). Carolyn does not argue that the terms of the guaranty provide differently, and the guaranty itself is not part of the record in this matter. Carolyn argues that the arrangement between Rabo and the Debtor-in-Possession is inequitable, since it increases her risk as a guarantor by reducing the amount of collateral securing the loans that she guarantees, without reducing her exposure.

// // //
// // //
// // //
// // //

Page 2 - MEMORANDUM OPINION

Any increased exposure to Carolyn is not sufficient to prevent the sale. If her exposure is materially increased without her consent, her remedy under Oregon law is a discharge of her obligations as guarantor. See Marc Nelson Oil Products, Inc. v. Grim Logging Co., Inc., 199 Or.App. 73, 110 P.3d 120 (2005).[1]

### III. CONCLUSION

The Debtor-in-Possession has demonstrated that the proposed sale of the several properties, and the allocation agreed to with the secured creditor, is in the best interest of the Debtor-in-Possession and its creditors. The sale significantly reduces the Debtor-in-Possession's outstanding secured debt, and secures the support of its principal secured creditor of its plan of reorganization. Without this proposed sale, the Debtor-in-Possession's efforts to reorganize are likely to fail. The sale should be approved.

The foregoing constitutes the Court's findings of fact and conclusions of law. The Court finds that the sale of the estate's property is a core matter under 28 U.S.C. § 157, and a final order may be entered immediately. Counsel for the Debtor-in-Possession is instructed to lodge a form of order consistent with this Memorandum.

FRANK R. ALLEY, III
Chief Bankruptcy Judge

---

[1] At oral argument on the motion, the Court queried whether the record supports a finding that the guaranty is discharged, as rendering the objection moot. After reviewing the record, it is clear to the Court that it cannot support a finding one way or the other. The Court does not consider the copy of the guaranty attached to the Debtor-in-Possession's Supplemental Memorandum to be part of the evidentiary record. It follows that the issue of discharge of the guaranty must be resolved, if at all, on another day.